**AFFIRM and Opinion Filed November 13, 2024.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01334-CR**
**No. 05-22-1350-CR**

**RODOLFO CERVANTES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F03-24822; F03-24830**

## MEMORANDUM OPINION

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Kennedy

Appellant, Rodolfo Cervantes, appeals the trial court's judgments adjudicating him guilty of the offenses of theft (Cause Number F03-24822) and conspiracy to commit theft (Cause Number F03-24830). In his first issue, appellant urges the trial court abused its discretion in denying his motion for new trial in the conspiracy to commit theft case. In his second issue, he argues the judgment in the theft case should be reversed because trial counsel's performance was deficient. We affirm the trial court's judgments. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.1.

## BACKGROUND

In September 2003, appellant was charged with the offenses of felony theft and conspiracy to commit theft, stemming from the same incident. On March 8, 2004, pursuant to plea bargain agreements, appellant pleaded guilty to the charged offenses and the trial court placed him on deferred adjudication community supervision for a period of five years. In the theft case, the trial court imposed a $500 fine and ordered appellant to pay restitution of $12,012. The restitution amount was later reduced to $4,004. Appellant's community supervision in both cases was set to expire on March 7, 2009.

On December 10, 2004, the State filed its first motions to revoke probation or proceed with an adjudication of guilt in both cases. In the theft case, the State alleged that appellant had violated community supervision conditions A (commit no offense), B (do not use controlled substances), D (report to probation), H (make restitution, analysis costs, crime stopper payments), J (pay supervision fee), K (perform community service), and O (participate in GED program). In the conspiracy to commit theft case, the State alleged that appellant had violated community supervision conditions A (commit no offense), B (do not use controlled substances), D (report to probation), K (perform community service), and O (participate in GED program).

On August 25, 2005, the trial court held a hearing on the State's motions. In the theft case, appellant pleaded true to having violated conditions B, D, H, J, and

K.  The trial court found appellant had violated all of the allegations in the State's first motion except a violation of condition A.  In the conspiracy to commit theft case, appellant pleaded true to having violated conditions B, D, K, and O and the trial court found appellant had violated those conditions.  In both cases, the trial court denied the State's motions and continued appellant on community supervision with additional conditions.  One of those conditions was that appellant spend 45 days in jail, starting on August 29, 2005.[1]

On February 4, 2009, the State filed amended motions to proceed with an adjudication of guilt in both cases.  These motions were not served on appellant until December 2, 2022, apparently because his whereabouts were unknown.  The amended motion in the theft case differed from the State's first motion only with respect to the amounts of money appellant was alleged to have owed for violating conditions H (failure to make restitution, analysis costs, and crime stopper payments) and J (failure to pay supervision fees).  The amended motion in the conspiracy to commit theft case differed from the State's first motion only with respect to time period during which appellant was alleged to have failed to report (condition D).  The first motion alleged appellant had failed to report for the month of November 2004.  The amended motion alleged appellant had failed to report from

_____

[1] According to appellant, when he finished his jail time, he attempted to report to his probation officer. When he did so, his probation officer exhibited anger towards him for not reporting during the time he was in jail, she did not listen to his explanation for not reporting, and she threatened to send him to prison. Thereafter, appellant stopped reporting altogether.

November 2004 through January 2009. The State's amended motion in the theft case continued to assert appellant had failed to report for the month of November 2004. It did not include an allegation he failed to report through January 2009.

On December 2, 2022, appellant entered open pleas of true to the violations of his community supervision alleged in the State's amended motions to proceed with adjudication. The trial judge questioned appellant as to whether he understood his pleas and the possible consequences of same. Appellant indicated that he did. After hearing testimony from appellant and the arguments of counsel, the trial court found that in the theft case, appellant had violated conditions B, D, H, J, K, and O and sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division. In addition, the trial court found that in the conspiracy to commit theft case, appellant had violated conditions B, D, K and O and sentenced appellant to six months in State Jail. In pronouncing appellant's sentence, the trial court made significant mention of appellant's failure to report to probation for over seventeen years.

Appellant filed a motion for new trial in the conspiracy to commit theft case alleging trial counsel was ineffective by failing to object to due process violations, which allowed the trial court to base revocation on allegations that had already been heard and ruled upon in connection with the State's first motion to proceed with adjudication of guilt, and failing to raise the affirmative defense of lack of due

diligence to the State's assertion appellant failed to report to probation. Appellant filed a motion for new trial in the theft case, but subsequently withdrew it.

The trial court held a hearing on appellant's motion for new trial in the conspiracy to commit theft case on February 15, 2023. At the hearing, the attorney who represented appellant in connection with the State's amended motions to proceed with adjudication of guilt testified that in deciding on the best way to proceed in appellant's cases, he reviewed appellant's entire probation file. He explained that he tried to negotiate with the State for appellant to pay restitution and have his community supervision unsuccessfully discharged but was told that was not an option because the trial judge required a defendant—who had absconded for more than a year—to appear before him. The attorney decided that in order to present appellant in the most favorable light possible, in the hopes of obtaining leniency, appellant should appear and plead true to the alleged violations of the conditions of his community supervision. He explained that he thought coming in voluntarily would show appellant was acting in good faith and was doing the right thing. The attorney indicated that he went over all of the allegations in the State's motions with appellant and he considered the failure to report to be the primary issue and it was the only one agreed to in the plea paperwork, although he advised appellant to plead true to all of the allegations in the State's motion in open court. He indicated—and the record reflects that—as part of the strategy in addressing the State's amended motions, they made the trial judge aware that appellant had not been arrested, had

no criminal history throughout the 17 years he absconded, and had a business and a family that he supported.

Appellant also testified at the hearing. He acknowledged that he met with trial counsel three times in his office, but claimed his attorney did not go over the State's motions with him. He testified trial counsel told him that the cases would be dismissed after he appeared before the court and paid restitution. Appellant admitted he was aware that the outcome was up to the court and the result he was hoping for was not guaranteed. Appellant testified that he was not aware that the State could not go forward on the same allegations that had already been decided by the State's first motion or that there was an affirmative defense to the one allegation the State could proceed on in the conspiracy to commit theft case. He testified that had he been advised that all of the duplicate allegations in the State's motion could have been removed and he could have asserted an affirmative defense to the remaining allegation of failure to report, he would have pled "not true" to the allegations in the State's amended motion and would have insisted on a contested hearing.

At the conclusion of the hearing, the trial court denied appellant's motion for new trial.

**DISCUSSION**

## I.     The *Strickland* Standard for Ineffective Assistance of Counsel Claims

The procedural postures in which appellant's appeals reach this Court differ, but in both, his issues center on a claim of ineffective assistance of counsel.[2] Therefore, we begin with a brief discussion of the standards that apply to such claims.

To obtain a reversal of a conviction due to ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *Garza v. State*, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007).

There is a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance, including the possibility that counsel's actions were strategic. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The focus is on the totality of the representation afforded and not on individual alleged errors. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). The adequacy of assistance is viewed at the time legal services

---

[2] In the conspiracy to commit theft case, appellant raised his allegation of ineffective assistance of counsel through a motion for new trial. In his first issue, appellant challenges the trial court's denial of that motion. In his second issue, he argues the judgment in the theft case should be reversed because trial counsel's performance was deficient.

were rendered, not in hindsight. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). We may not second-guess counsel's strategic decisions, and defense counsel's trial strategy cannot be considered ineffective assistance of counsel simply because another attorney would have used a different strategy. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013); *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012).

In addition to showing deficiency in performance, the defendant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Garza*, 213 S.W.3d at 347. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Strickland*, 466 U.S. at 694.

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In most instances, a silent record that provides no explanation for counsel's actions or inactions will not overcome the strong presumption of reasonable assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

**II.    Denial of Appellant's Motion for New Trial in the Conspiracy to Commit Theft Case (Cause Number F03-24830)**

In the conspiracy to commit theft case, appellant raised his allegation of ineffective assistance of counsel through a motion for new trial. In his first issue, appellant challenges the trial court's denial of that motion.

**A. Standard of Review**

We may not reverse the trial court's denial of a motion for new trial absent an abuse of discretion. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded in part on other grounds by* TEX. R. APP. P. 21.8(b), *as recognized in State v. Herndon*, 215 S.W.3d 901, 905 n. 5 (Tex. Crim. App. 2007). In determining whether the trial court abused its discretion, we do not determine whether the facts present an appropriate case for the trial court's action; we instead determine whether the trial court acted without reference to any guiding principles or in an arbitrary or unreasonable manner. *See id.* We view the evidence in the light most favorable to the trial court's ruling and defer to its credibility determinations. *Id.* Because we presume that the trial court implicitly made all reasonable factual findings that could have been made in support of its ruling, we will conclude that the trial court abused its discretion only if no reasonable view of the record could support its ruling. *Id.* This remains true even if we would have decided the issue differently. *Herndon*, 215 S.W.3d at 907–08.

**B. Analysis**

Appellant contends the trial court abused its discretion in denying his motion for new trial on the basis of ineffective assistance of counsel because trial counsel's performance was deficient in that he (1) caused appellant to plead true to allegations that were previously decided instead of objecting to them as violating his right to due process and (2) failed to assert the affirmative defense of due diligence with respect to the only allegation that had not previously been decided, namely failure to report for an extended period of time.

If faced with a motion to revoke and adjudicate guilt, a trial judge decides to continue the defendant on community supervision, he is without authority to subsequently revoke community supervision in the absence of allegations or proof of any subsequent violations of the conditions of community supervision. *Rogers v. State*, 640 S.W.2d 248, 252 (Tex. Crim. App. 1981). In other words, in the absence of other allegations, a trial judge cannot simply change his mind and revoke community supervision once he has decided not to do so. Doing so is a violation of due process. *Id.* A violation of due process in this regard is waived on appeal if the defendant fails to make a timely specific objection. *Id.* at 264–65.

The record before us establishes the State alleged in its amended motion to proceed with adjudication in the conspiracy to commit theft case, appellant violated conditions A (commit no offense), B (do not use controlled substances), D (report to probation), K (perform community supervision), and O (participate in GED

–10–

program). The allegations concerning the violations of conditions A, B, K, and O were identical to the State's allegations in the State's first motion, which had been resolved when the trial court considered and ruled on the State's first motion.[3] Thus, if objected to, they could not form a basis upon which the State's amended motion could be granted. With respect to the allegation appellant had violated condition D, it varied from the original allegation in that it expanded the time period during which appellant was alleged to have failed to report through January 2009 and, thus, could be a basis upon which the trial court could have granted the State's amended motion.

Even if we conclude trial counsel's performance was deficient for failing to object to the alleged violations of conditions B, K, and O, we cannot conclude appellant met the second burden to establish there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 688 (requiring a showing there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different). The violation of one condition of community supervision is sufficient to revoke it. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). Accordingly, if a violation of condition D was a viable basis for revoking appellant's community supervision and adjudicating his guilt, appellant cannot establish the result of the proceeding would have been

---

[3] The trial court rejected the allegation appellant had violated condition A in the amended motion as it did in connection with the State's first motion.

–11–

different had his counsel objected to the alleged violations of conditions B, K, and O on due process grounds. *See Strickland*, 466 U.S. at 688.

With respect to the State's assertion appellant violated condition D (report to probation), Article 42A.109 of the Texas Code of Criminal Procedure creates an affirmative defense to revocation based on an alleged failure to report if the State fails to attempt in-person contact with a probationer before revocation. TEX. CODE CRIM. PROC. art. 42A.109.[4] The State's due diligence duty is limited to contacting or attempting to contact the defendant in person at his last known home or work address rather than being required to make reasonable investigative efforts to apprehend the defendant. *Id.*; *Garcia v. State*, 387 S.W.2d 20, 23 (Tex. Crim. App. 2012).

The record is silent on counsel's reasoning with regard to the due diligence defense. Appellant's counsel testified at the hearing on the motion for new trial that he reviewed appellant's entire probation file before deciding to advise appellant to plead true, in an effort to present himself in the best light possible to the court in the

---

[4] Article 42A.109 provides:

> For the purposes of a hearing under Article 42A.108, it is an affirmative defense to revocation for an alleged violation based on a failure to report to a supervision officer as directed or to remain within a specified place that no supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation contacted or attempted to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of deferred adjudication community supervision was entered.

CRIM. PROC. art. 42A.109.

hope of obtaining leniency. Appellant did not question counsel on the contents of his probation file. It is possible his file contained information regarding the efforts the State made to locate appellant that would have made the defense meritless. If counsel was aware of facts that made the defense meritless, he would not be ineffective for not raising it. *See Ex parte Covarrubias*, 665 S.W.3d 605, 614 (Tex. Crim. App. 2023) (counsel cannot be ineffective for failing to raise meritless claims). Moreover, appellant testified at the hearing on the motion for new trial that he was aware of at least one time when the State sent someone to his mother's house in an attempt to locate him. We conclude, based on the record before us, appellant did not demonstrate by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness by failing to raise a due diligence defense, and, further, he failed to demonstrate the result of the proceeding would have been different had counsel objected to the allegations of violations of conditions B, K, and O. *See Strickland*, 466 U.S. at 694; *Garza*, 213 S.W.3d at 347. Accordingly, the trial court did not abuse its discretion in denying appellant's motion for new trial. We overrule appellant's first issue.

## III. Claim of Ineffective Assistance of Counsel in Connection with the Theft Case (Cause number F03-24822)

In his second issue, appellant asserts trial counsel's performance in the theft case was deficient as a matter of law because he failed to object to the previously ruled upon allegations in the State's amended motion to proceed with adjudication

and because he advised appellant to plead true to the remaining allegations regarding the failure to pay restitution and fees rather than placing the burden on the State to prove appellant had the ability to pay and his failure to pay was willful.

The State's first and amended motions to proceed with adjudication in the theft case alleged appellant had violated conditions A (commit no offense), B (do not use controlled substances), D (report to probation), H (pay restitution, analysis costs, and crime stoppers), J (pay supervision fee), K (perform community service), and O (participate in GED program). The allegations in the amended motion concerning the violations of conditions A, B, D, K, and O were identical to the allegations in the State's first motion, which had been resolved when the trial court considered and ruled on the State's first motion. Thus, as appellant points out, had counsel objected to these allegations, they would not be a basis upon which the trial court could have adjudicated his guilt. *See Rogers*, 640 S.W.2d at 252. The violation of one condition of community supervision is sufficient to revoke it. *See Sanchez*, 603 S.W.2d at 871. Accordingly, if a violation of condition H or J was a viable basis for revoking appellant's community supervision and adjudicating his guilt, appellant cannot establish the result of the proceeding would have been different had his counsel objected to the alleged violations of conditions A, B, D, K, and O on due process grounds. *See Strickland*, 466 U.S. at 688

The allegations of violations of conditions H and J, which concerned the payment of restitution and fees, had been modified to reflect the current amounts

–14–

owed.[5]  Appellant contends that, because both contained fees, the State would have had to prove that appellant's nonpayment of restitution and fees was willful.  *See* CRIM. PROC. arts. 42.037(h);[6] 42A.751(i).[7]  Appellant contends that by advising him to plead true to the allegations, trial counsel effectively lowered the State's burden and relieved the trial court of its duty under Article 42.037 and the federal constitution.

At the hearing on the State's amended motions to proceed with adjudication, appellant testified that he owned a wheel and tire company, supported his family, and was willing to pay the restitution that he owed if ordered to do so.  Thus, the record reflects that appellant was capable of and willing to make the required

---

[5] The amounts owed by appellant increased from $120 to $3,164 for condition H and from $60 to $2,692 for condition J.

[6] Article 42.073(h) provides:

If a defendant is placed on community supervision or is paroled or released on mandatory supervision, the court or the parole panel shall order the payment of restitution ordered under this article as a condition of community supervision, parole, or mandatory supervision.  The court may revoke community supervision and the parole panel may revoke parole or mandatory supervision if the defendant fails to comply with the order.  In determining whether to revoke community supervision, parole, or mandatory supervision, the court or parole panel shall consider: (1) the defendant's employment status; (2) the defendant's current and future earning ability; (3) the defendant's current and future financial resources; (4) the willfulness of the defendant's failure to pay; (5) any other special circumstances that may affect the defendant's ability to pay; and (6) the victim's financial resources or ability to pay expenses incurred by the victim as a result of the offense.

CRIM. PROC. art. 42.073(h).

[7] Article 42A.751(i) provides:

In a revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs or by failing to pay the costs of legal services as described by Article 42A.301(b)(11), the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

CRIM. PROC. art. 42A.751(i).

–15–

payments. Counsel was not ineffective for advising appellant to plead true to the alleged violations of conditions H and J as a challenge to same would have been meritless. *See Ex parte Covarrubias*, 665 S.W.3d at 614 (counsel cannot be ineffective for failing to raise a meritless claim).

Moreover, because the record is devoid of any reasons for counsel advising appellant to plead true to the alleged violations of conditions H and J, we review it to determine whether counsel's conduct was so outrageous that no competent attorney would have engaged in it. *Andrews v. State*, 159 S.W. 3d 98, 102–03 (Tex. Crim. App. 2005). Here, it is conceivable that counsel made a reasonable strategic decision to advise appellant to plead true to these alleged violations to present appellant in the most favorable light possible in the hopes of obtaining leniency from the court. *See Ex parte Scott*, 541 S.W.3d 104, 124–25 (Tex. Crim. App. 2017) (where record is silent on counsel's reasons for failure to object, it was conceivable counsel made a reasonable strategic decision not to object because objecting could have undercut the defense's pleas for leniency). Counsel's advice with respect to the alleged violations of conditions H and J was not so outrageous that no reasonable attorney would have engaged in it.

Appellant has failed to make the required showing that counsel's advice to plead true to the alleged violations of conditions H and J was deficient or that his failure to object to allegations that had been resolved with the State's first motion

–16–

prejudiced him.  Accordingly, appellant's ineffective assistance of counsel claim is unsupportable.  We overrule appellant's second issue.

**CONCLUSION**

We affirm the trial courts judgments.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

221334F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

RODOLFO CERVANTES,
Appellant

No. 05-22-01334-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F03-24822.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal from appellant RODOLFO CERVANTES.

Judgment entered this 13th day of November 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODOLFO CERVANTES,
Appellant

No. 05-22-01350-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F03-24830.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Breedlove participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of
this appeal from appellant RODOLFO CERVANTES.

Judgment entered this 13th day of November 2024.